UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GUTERMUTH INVESTMENTS, INC., | § | |
| ROBERT L. GUTERMUTH and | § | |
| ELLEN R. GUTERMUTH, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CA-0471 RF (NN) |
| COOLBRANDS SMOOTHIES | § | |
| FRANCHISE, L.L.C. and | § | |
| COOLBRANDS INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   Hon. W. Royal Furgeson
      United States District Judge

## I. Introduction

The matters before the Court are defendants Coolbrands Smoothies Franchise, L.L.C.

("CSF") and Coolbrands International, Inc.'s ("CI") motion to dismiss the case or alternatively

transfer venue, and motion to dismiss for lack of personal jurisdiction (Docket Entry 5).[1]

Through the motions, defendants seek to dismiss plaintiffs Gutermuth Investments, Inc. ("GI"),

Robert L. Gutermuth, and Ellen R. Gutermuth's (collectively "Gutermuths") claims against

defendants, or alternatively to transfer the case to the appropriate New York federal district court.

Specifically, defendants assert that venue in the Western District of Texas is improper because

---

[1] Defendants submitted one document titled "Defendants' Motion to Dismiss for Improper Venue, Motion
to Dismiss for Lack of Personal Jurisdiction, and Original Answer Subject Thereto."  Docket Entry 5.

forum selection clauses contained in the franchise agreements that form the basis of the parties'

business relationship -- and consequently, this case -- require plaintiffs to bring the action in

Suffolk County, New York.  Therefore, dismissal under Federal Rule of Civil Procedure 12(b)(3)

is warranted.  In the alternative, defendants argue that the Court should transfer the case under 28

U.S.C. § 1404 to the district court in New York with jurisdiction over Suffolk County.[2]  Further,

defendants contend that this Court lacks personal jurisdiction over CI, CSF's parent corporation,

and the action against CI should be dismissed pursuant to Federal Rule of Civil Procedure

12(b)(2).

Having considered defendants' motion,[3] plaintiffs' response,[4] defendants' reply,[5] and all

the documents in the record, I recommend that defendants' motions to dismiss be **DENIED**, the

motion to transfer venue be **GRANTED**, and the case be transferred to the United States District

Court for the Eastern District of New York.

I have jurisdiction to enter this Memorandum and Recommendation under 28 U.S.C.

§ 636(b) and the District Court's Order referring all pretrial matters in this proceeding to me for

disposition by order, or to aid in their disposition by recommendation where my authority as a

Magistrate Judge is statutorily constrained.[6]

## II. Jurisdiction

---

[2] Suffolk County is in the Eastern District of New York.  28 U.S.C. § 112.

[3] Docket Entry 5.

[4] Docket Entry 10.

[5] Docket Entry 11.

[6] Docket Entry 8.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, the statute conferring diversity jurisdiction.

### III. <u>Statement of the Case</u>

In 2004, CSF began advertising franchises to market Tropicana Smoothies.  CSF licenses the use of the Tropicana name from CI, which licenses the right to use the Tropicana name from Tropicana Products, Inc.  The Gutermuths decided to pursue the business opportunity presented by CSF and formed GI as a vehicle to make the franchise investment.

On July 9, 2004, GI and CSF entered into a Territory Development Agreement that granted GI the exclusive right to develop Tropicana Smoothies stores in San Antonio, Texas, including all areas within the city limits.  Exhibit B attached to the Territory Development Agreement set out a schedule for establishing the franchise stores.  The first five were to be opened for business by July 1, 2005, July 5, 2007, July 1, 2009, July 1, 2011, and July 1, 2014.  Robert Gutermuth signed the agreement in his capacity as president of GI.  Robert and Ellen Gutermuth signed the agreement as individuals.  Along with the Territory Development Agreement, the Gutermuths agreed to personally guarantee and assume GI's obligations to make payments under the agreement.

On April 18, 2005, GI and CSF entered into a franchise agreement to establish the first Tropicana Smoothies store.  Robert Gutermuth signed the agreement in his capacity as president of GI.  Robert and Ellen Gutermuth signed the agreement as individuals.  Robert Gutermuth executed a personal guaranty and assumption of GI's obligations under the franchise agreement.  On July 21, 2005, GI entered into a franchise agreement with CSF to establish the second

Tropicana Smoothies store.  As before, Robert Gutermuth signed the franchise agreement in his capacity as president of GI and individually, while Ellen Gutermuth signed the agreement individually.  The Gutermuths executed a guaranty and assumption of GI's obligations under the second franchise agreement.

Plaintiffs alleged that they opened their first Tropicana Smoothies store on November 11, 2005, and subsequently, on January 30, 2006, CSF informed plaintiffs that they would not be allowed to open any more stores.

On May 1, 2006, plaintiffs commenced an action in the District Court, 408th Judicial District, Bexar County, Texas, alleging breach of contract, fraud, negligent misrepresentation, and gross negligence.  Defendants removed the action to federal court on May 31, 2006.

Defendants filed the instant motion on June 6, 2006, requesting the case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue, or transferred to the U. S. District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404.

## IV. Issue Presented

Should defendants' motions to dismiss or transfer venue be granted?

## V. Analysis

### A. Forum Selection Clause

When a forum selection clause forms the basis of a motion to dismiss or transfer venue,

the first step is for the Court to determine whether the clause applies to plaintiffs' claims.[7]  Both

franchise agreements signed by plaintiffs contained the following forum selection provision.

> You agree that You shall institute any action and that We may
> institute any action against You which is not required to be
> arbitrated hereunder in any state or federal court of general
> jurisdiction in the County of Suffolk, New York, or the state court
> of general jurisdiction or the Federal District Court nearest to Our
> executive office at the time such action is filed.  You irrevocably
> submit to the jurisdiction of such courts and waive any objection
> You/it/he/she may have to either the jurisdiction or venue of such
> courts.[8]

The Territory Development Agreement signed by plaintiffs contains essentially the same

forum selection provision.[9]  Because the forum selection clause in each of the agreements

provides that plaintiffs irrevocably submit to the specified jurisdiction and waive any objection to

venue in the specified courts, the forum selection clause is exclusive and mandatory.[10]

Furthermore, the agreements provide that plaintiffs must commence <u>any</u> action in the specified

jurisdictions.  Therefore, the clause applies to this action.

Plaintiffs argue that the agreements contain conflicting provisions which allow them to

bring their case in any court of competent jurisdiction.[11]  The provisions upon which plaintiffs

rely appear under the general Dispute Resolution and Injunctive Relief sections of the

---

[7] **<u>Youngblood v. JTH Tax Services, Inc.</u>**, SA-06-CA-380-XR, 2006 WL 1984656, at *2 (W.D. Tex. July 17, 2006).

[8] Docket Entry 5, Exh. B at 42, ¶ 20.5.2; Exh. C at 42, ¶ 20.5.2.

[9] Docket Entry 5, Exh. D at 25, ¶ 16.5.2.

[10] <u>See</u> <u>Youngblood</u>, 2006 WL 1984656 at * 2 (a forum selection clause that expressly identifies a venue is exclusive and mandatory).

[11] <u>See</u> Docket Entry 5, Exh. B at 40, ¶ 18.3.1; Exh. C at 40, ¶ 18.3.1; Exh. D at 23, ¶ 15.2.1.

agreements.   These provisions provide the parties with the "right, in the proper case, to seek injunctions, restraining orders and orders of specific performance from a court of competent jurisdiction provided that the parties agree to contemporaneously submit their dispute for arbitration on the merits as provided" in the agreements.[12]   While plaintiffs have included a claim for specific performance, they have also asked for compensatory damages and have not alleged that compensatory damages will fail to make them whole.[13]   Furthermore, plaintiffs have not alleged that they consulted with defendants and contemporaneously submitted their dispute for arbitration.   These provisions are not in conflict with the forum selection provision referred to above and do not negate the clear, exclusive and unambiguous agreement that future disputes such as the one presented in this case would be submitted to the specified New York jurisdictions.   Consequently, plaintiffs are unable to invoke this provision of the agreements to avoid the specific forum selection clause.

**B. Motion to Dismiss**

Defendants ask that plaintiffs' complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).   Rule 12(b)(3) provides that the defendant may allege a defense of improper venue by motion.   Section 1406 provides in relevant part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.[14]

---

[12] **Id.**

[13] **Madariaga v. Morris**, 639 S.W.2d 709, 711 (Tex.App.-- Tyler 1982, writ ref'd n.r.e.) (Specific performance is an equitable remedy and not generally available when the plaintiff can be made whole through the legal remedy of damages).

[14] 28 U.S.C. § 1406(a).

In **Lim v. Offshore Specialty Fabricators, Inc.**, the Fifth Circuit determined that a Rule 12(b)(3) motion is the proper procedural method to request dismissal based on a forum selection clause.[15]  Significantly, the forum selection clause in **Lim** designated a foreign country jurisdiction.  The Fifth Circuit has not considered whether dismissal for improper venue should be granted where the venue designated in the forum selection clause is another federal court.[16]  However, the majority of courts which have considered the issue hold that dismissal under Rule 12(b)(3) or section 1406(a) is inappropriate when a motion to transfer venue pursuant to section 1404 is available.[17]

In this case, defendants have moved to dismiss or alternatively transfer the case to the Eastern District of New York.  Because the evidence weighs in favor of transferring the case, I recommend that defendants' motion to dismiss be **DENIED**.

## C. Motion to Transfer Venue

The threshold question when considering a motion to transfer brought under section 1404(a) is "whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action "might have been brought."[18]  The

---

[15] **Lim v. Offshore Specialty Fabricators, Inc.**, 404 F.3d 898, 902 (5th Cir. 2005).

[16] **Youngblood**, 2006 WL 1984656, at * 3 (citing **Southeastern Consulting Group, Inc. v. Maximus, Inc.**, 387 F.Supp.2d 681, 683 (S.D. Miss. 2005)).

[17] **Southeastern Consulting Group, Inc.**, 387 F.Supp.2d at 684 (citing **Brock v. Baskin-Robbins, USA Co.**, 113 F.Supp.2d 1078, 1084 (E.D.Tex. 2000); **Speed v. Omega Protein, Inc.**, 246 F.Supp.2d 668, 671 (S.D.Tex. 2003); **Dorsey v. Northern Life Ins. Co.**, No. Civ.A. 04-0342, 2004 WL 2496214, at *9 (E.D.La. Nov. 5, 2004)); **but see Vartec Telecom, Inc. v. BCE Inc.**, No. 3:02-CV-2585-M, 2003 WL 22364302, at *6 (N.D.Tex. Oct. 9, 2003) (rejecting the "attempted distinction" between forum selection clauses that designate foreign or state court venues and those that designate other federal courts).

[18] **In re Horseshoe Entertainment**, 337 F.3d 429, 434 (5th Cir. 2003).

7

general venue statute provides in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.[19]

In this case, CSF's headquarters are located in Suffolk County, New York, and CSF admits that it is subject to personal jurisdiction there. Suffolk County is located within the jurisdiction of the U. S. District Court for the Eastern District of New York. Therefore, venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(a) and the forum selection clause.

In addressing a motion to transfer venue, courts consider a number of private and public interest factors, but no single factor is given dispositive weight.[20] Private interest factors include: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process for attendance of unwilling witnesses; 3) the cost of obtaining attendance of willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.[21] The public factors include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized controversies decided at home; 3) the forum court's familiarity with the governing law; 4) avoidance of unnecessary problems in conflict of laws, or in the

---

[19] 28 U.S.C. § 1391(a).

[20] **In re Volkswagen AG**, 371 F.3d 201, 203 (5th Cir. 2004).

[21] **Id.**

application of foreign law; and 5) the unfairness of burdening citizens in an unrelated forum with jury duty.[22]  Furthermore, "'the presence of a forum-selection clause...will be a significant factor that figures centrally in the district court's calculus.'"[23]

In this case, the private factors are evenly balanced between the parties.  Documents and other evidence are in the possession of the parties.  Plaintiffs headquarters are in San Antonio, Texas, and their documentary evidence is located there.  Defendant CFS's headquarters are in Suffolk County, New York, and its documentary evidence is located there.  The principals of the corporate parties are located at their headquarters in the respective cities.  Consequently, these factors are neutral.

Plaintiffs allege that Joe Arancio is a former employee of CSF and a potential witness. They claim that Mr. Arancio sold plaintiffs the Tropicana Smoothies franchises.  The last address available for Mr. Arancio is Scottsdale, Arizona.  Plaintiff's further allege that another former employee of defendants, Steve Boud, helped select their initial location and advised plaintiffs on other franchise matters.  Mr. Boud's last known address was Santa Margarita, California. Plaintiffs allege that transferring the case to New York would not assist defendants in obtaining Mr. Arancio or Mr. Boud's testimony.  However, there is nothing in the record to show that either party would have more difficulty securing these potential witnesses' testimonies if the case was transferred to New York.  Neither of the parties are subject to compulsory process to testify at trial at either the Texas or New York venue.[24]

---

[22] **Id.**

[23] **Youngblood**, 2006 WL 1984656, at * 4 (quoting **Stewart Org., Inc. v. Ricoh Corp.**, 487 U.S. 22, 29 (1988)).

[24] Fed. R. Civ. P. 45(b)(2).

The public factors overall weigh in favor of granting the transfer motion.  While plaintiffs have provided evidence that the case load and time to trial in the Eastern District of New York are greater than in the Western District of Texas, this factor does not weigh heavily enough to counter the remaining factors.

Both venues have an interest in the controversy.  Plaintiffs allege that the improper acts took place in Texas.  However, any fraudulent scheme was devised in New York where CSF is headquartered.  Consequently, New York has an interest in preventing companies from using it and its laws to perpetrate fraud.

Likewise, New York has a greater interest and familiarity with the governing law.  The franchise agreements and Territory Development Agreement expressly state that the contracts are governed by New York law.  Plaintiffs agreed to this choice of law when they signed the documents.  Furthermore, it is more appropriate for citizens of New York to bear the burden of jury duty in matters that concern the application of New York law than to require Texas citizens to be burdened with jury duty and the application of New York law.

Finally, due weight must be given to the forum selection clause.  Under the clause plaintiffs expressly agreed to submit to the jurisdiction of the New York state and federal courts and waive any objection to jurisdiction or venue in those courts.  Plaintiffs have not provided any evidence that they did not knowingly agree to the forum selection provisions or that they were in any way fraudulently induced to agree to the forum selection provisions.  Accordingly, the Court must find that the provision represents a negotiated contract provision that is binding on plaintiffs.

Based on the foregoing, the factors weigh in favor of granting defendants' motion to

transfer venue.  Therefore, I recommend that the District Court **GRANT** defendants' motion and transfer the case to the Eastern District of New York.

**D. Defendant CI's Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant CI asks that it be dismissed from the case because the Court lacks personal jurisdiction over it.  However, because the Court recommends that the motion to transfer venue be granted, the issue becomes not whether personal jurisdiction lies with the Western District of Texas, but whether the Eastern District of New York may exercise personal jurisdiction over CI.  This issue is best resolved by that Court.[25]  Accordingly, I recommend that this motion to dismiss be **DENIED** subject to re-urging after transfer.

## VI. Recommendation

Based on the foregoing, it is my recommendation that defendants' motions to dismiss be **DENIED**, and the motion to transfer venue be **GRANTED** (Docket Entry 5).  I further recommend that the case be transferred to the United States District Court for the Eastern District of New York.

## VII. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum

---

[25] **See** **Goldlawr, Inc. v. Heiman**, 369 U.S. 463, 466 (1962) (a court may transfer a case even if it lacks personal jurisdiction).

and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[26] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**   A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[27]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[28]

      **SIGNED** on October 11, 2006.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[26] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[27] **Thomas v. Arn**, 474 U.S. 140, 149-152 (1985); **Acuña v. Brown & Root, Inc.**, 200 F.3d 335, 340 (5th Cir. 2000).

[28] **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

.